T. J. FERGUSON, W. J. McCLURE, AND J. S. CONNOR, COUNTY COMMISSIONERS OF SWAIN COUNTY, AND S. R. PATTERSON, SHERIFF OF SWAIN COUNTY, v. W. C. MARTIN.

(Filed 12 June, 1929.)

1. **Sheriffs A b—In this case held, sheriff was on salary basis and mandamus would lie to compel him to surrender tax books to his successor.**

    Where an act which says in its caption that its purpose is to regulate salaries, etc., repeals all former laws, and provides that the sheriff of a certain county should receive for his services as sheriff the fees of his office, and for his services as tax collector he should receive a certain sum per annum, payable monthly: *Held,* in the collection of taxes the sheriff was on a salary basis, and under the provisions of chapter 213, section 7, Public Laws 1927, he is required to turn over to his successor the tax books upon the termination of his term of office, and mandamus will lie to compel him to do so.

2. **Sheriffs B a — Distinction between salary and fee basis of compensation.**

    The payment by the county for the services of a tax collector upon a salary or wage basis differs from that of a fee or commission basis in that in the former the payment for such services depends upon a period of time of service in such capacity, and in the latter, upon the particular acts of collection or value of the services rendered.

APPEAL by defendant from *McElroy, J.,* at March Term, 1929, of SWAIN. Affirmed.

The judgment of the court below is as follows: "This cause coming on to be heard at this, the March Term, 1929, of the Superior Court of Swain County before his Honor, P. A. McElroy, judge presiding, and the same being heard upon the plaintiff's motion for a mandamus to require the defendant to surrender and turn over the tax list, receipt books and other records and documents relative to the collection of 1929 taxes for Swain County, North Carolina, whereupon, upon consideration of the verified complaint and answer filed herein, and the several statutes and other proofs offered by the respective parties, the court finds the following facts, to wit:

1. That the defendant, W. C. Martin, was duly elected sheriff of Swain County at the regular November election, 1926, for a period of two years ending the first Monday in December, 1928, and that he served and acted as such sheriff until the first Monday in December, 1928, when he was succeeded in the office of the sheriff of said county by the plaintiff, S. R. Patterson, who was in like manner duly elected to said office on the 6th day of November, 1928.

2. That the defendant, W. C. Martin, received the tax list and books of said county for the year 1927 and served in said capacity, and that on the ........ day of November, 1928, the board of commissioners of Swain County again delivered to the defendant, W. C. Martin, the list and tax books for the year 1928, and that the said defendant thereupon entered upon his duties as such tax collector, and that he still has in his possession the said tax list and receipt books for the taxes of said county of Swain for the year 1928, and duly filed his bond therefor, which bond was accepted and approved by the commissioners of said county.

3. That the plaintiff, S. R. Patterson, duly filed a bond with commissioners of said county as tax collector of Swain County for the year 1928, which bond was accepted and approved by the board of commissioners of said county.

4. That on 22 November, 1928, the plaintiff, board of county commissioners of Swain County, caused to be served on the defendant, W. C. Martin, by the plaintiff, S. R. Patterson, the present sheriff of Swain County, a notice or demand therein requiring the defendant, W. C. Martin, to surrender and turn over to the said commissioners the tax list, receipt books and other records and documents pertaining to the office of such tax collector of Swain County, and therewith file a statement of the amount of taxes collected by the said W. C. Martin between said date and the time said tax lists were so delivered to him. That

the said W. C. Martin refused to so turn over and surrender said list, tax records and documents, and still holds the same in his possession, as aforesaid, and still refuses to deliver and surrender the same to the plaintiffs.

5. That the said W. C. Martin was paid by the commissioners of said county for the collection of the taxes for 1927, as provided by law, the sum of $3,250, but has not been paid the full sum of $3,250 for the taxes of 1928; that his term of office as such tax collector expired on the first Monday in December, 1928.

It is, therefore, on motion of Moody & Moody, and Gentry Hall, attorneys for the plaintiffs, considered, adjudged and decreed by the court that the plaintiff, S. R. Patterson, is entitled to receive from the defendant, W. C. Martin, the tax lists, receipt books and other records and documents now in his possession relating to the taxes of said county for the year 1928, and to collect the remainder of said taxes, as required by law, and to receive the emoluments therefor, as provided by law, and it is ordered that said W. C. Martin be and is hereby required to turn over and deliver to the plaintiffs the aforesaid lists, books and documents, and to report in writing to the plaintiffs, commissioners of said county, the correct amount of taxes of 1928 already collected by him.

It is further ordered and adjudged by the court that the plaintiffs have and recover of the defendant their costs in this action incurred, and that the defendant pay all the costs of this action."

To the court below signing the above judgment, defendant excepted, assigned error and appealed to the Supreme Court.

*Moody & Hall for plaintiffs.*
*Alley & Alley, Edwards & Leatherwood for defendant.*

CLARKSON, J. The single question presented by this appeal is whether the defendant was collecting the taxes in Swain County on a *salary* or *fee and commission* basis. We think he was collecting same on a *salary basis.* The determination of this controversy involves the construction of certain statutes.

Public-Local Laws 1919, ch. 134, sec. 8, in part: "Said sheriff and tax collector shall deduct from the full amount of said taxes so collected all commissions which are now or may hereafter be provided by law, out of which commission he shall retain the sum of eighteen hundred dollars per annum as full compensation for his services as tax collector."

Public-Local Laws 1921, ch. 422, sec. 1, in part: *"Provided,* that the total compensation of the sheriff shall not exceed the sum of thirty-two hundred dollars per annum."

Public-Local Laws 1923, ch. 163, in part: "Be amended by striking out the words 'thirty-two hundred' in line eight of said section and inserting in lieu thereof the words 'three thousand.'"

Public-Local Laws 1925, ch. 329, caption of act, is as follows: *"An act to regulate the salaries of the officers of Swain County."* Section 1. "That the compensation of the officers of Swain County shall be as follows: . . . The sheriff shall receive for his services as sheriff, the fees of his office, *and for his services as tax collector he shall receive three thousand two hundred and fifty dollars per annum, payable in equal monthly installments;* . . . Sec. 2. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed."

Public Laws 1927, ch. 213, sec. 7: "If any sheriff, or tax collector, to whom the tax list and receipt books shall be delivered on the first Monday in October, shall fail to succeed himself as such officer on the first Monday in December of any year, he shall make a full and complete settlement of such taxes as he may have collected on or before the first Monday in December, at which his term of office may expire, and the tax list and receipt books shall be delivered to his successor, who shall in his settlement be credited with the amount for which settlement was made with such officer whose term expired: *Provided, however,* that if the outgoing sheriff, or tax collector, shall have received the tax list and receipt books to collect the taxes due thereon, upon fees and commissions based upon the collections made, it shall be his duty, and he shall be charged with the collection of the taxes due for such year, and shall be charged with all the duties and responsibilities with reference to reports and other settlements, and subject to the same penalties, imposed by this act, and shall conduct the land sales and execute the certificates of sale for the same. If the officer whose term expires on the first Monday in December of any year and who does not succeed himself as such officer, shall not have received the tax books for the then tax year, the officer succeeding to such office shall give the required bond and be charged with the collection of the balance of the taxes for the then tax year, as if he had received the tax books on the first Monday in October, less, however, the taxes collected by the specially appointed tax collector."

It will be noted that the Public-Local act of 1925, *supra,* the caption says, "An act to regulate the salaries," etc., and the services as tax collector is fixed at $3,250 per annum, payable in equal monthly installments. This act repeals all laws and clauses of laws in conflict. Then the Public Laws of 1927, sec. 7, provides, in substance, a fair interpretation from the entire section and proviso, that if he is on a salary basis and fails to succeed himself, on the first Monday in December he shall make a full settlement, etc., and the tax list, etc., *shall* be delivered to

his successor in office; and if he is collecting upon a basis of fees and commissions he is not required so to do. The provision seems to be broad enough to cover the counties on a *salary* or *fee and commission basis.*

The meaning of *Salary:* "The recompense or consideration paid, or stipulated to be paid, to a person at regular intervals for services; fixed regular wages, as by the year, quarter or month." Webster's New International Dictionary, p. 1871. "The word *salary* may be defined generally as a fixed annual or periodical payment for services, depending upon the *time* and not upon the amount of services rendered." 24 A. & E. Enc. of Law, 2 ed., p. 1015, 16 and 17. Black's Law Dict., 2 ed., "Salary," p. 1052 and cases cited.

The term *fees* "is distinguished from wages or salary in that it refers to compensation for particular acts, whereas, wages or salary refers rather to compensation for work during a definite period of time." 25 C. J., p. 1010.

We do not think *Commissioners v. Bain,* 173 N. C., p. 377, is applicable. See *Pender County v. King, ante,* 50. We are dealing here with a statute that is mandatory—the statute speaks in language in which we think there is no ambiguity. The judgment below is

Affirmed.