### W. C. MARTIN v. SWAIN COUNTY.

(Filed 15 June, 1931.)

**Sheriffs B b—Sheriff collecting taxes on fixed salary is entitled to monthly payments thereof from beginning of fiscal year to end of his term.**

Where a sheriff is paid a fixed amount a year for the collection of taxes, the amount payable in equal monthly installments, and he receives the tax books in October, and fails to succeed himself and goes out of office the following December, the tax books being turned over to his successor under court order: *Held,* he is entitled to receive payment of the "monthly installments" of the salary for so much of the fiscal year as intervened between its beginning on 1 July and the date he went out of office. N. C. Code, 1927 (Michie), secs. 7692, 1334(53), 1334(46), 1334(50).

APPEAL by defendant from *MacRae, Special Judge,* at October-November Term, 1930, of SWAIN. Error.

*Moody & Hall for appellant.*
*Alley & Alley and Edwards & Leatherwood for appellee.*

ADAMS, J. The plaintiff brought suit for $3,250 alleged to be due by the defendant for his services as tax collector of Swain County. He was elected sheriff of the county in November, 1926, for a term of two years, and was inducted into office on the first Monday in December. He alleged in his complaint that in October, 1927, he became tax collector by virtue of his office, gave his bond, collected taxes, and received $3,250 as his salary. At the trial he testified that in October, 1928, he executed another official bond and received from the defendant the tax books for the ensuing year. He was succeeded in office by S. R. Patterson, who, after his election in November, took the official oath on the first Monday in December, 1928, and executed his bond, which was accepted by the board of commissioners. On 22 December the commissioners caused the plaintiff to be served with a written request that he

deliver to them the tax lists and receipt books in his hands and account for the taxes he had collected. Upon his refusal to comply, the board of commissioners, together with S. R. Patterson, applied to the Superior Court for a mandamus to compel him to deliver the books as requested, and in that proceeding it was adjudged that the defendant (plaintiff in this action) turn over and deliver to the plaintiffs therein the tax lists, books, and documents in his possession; and on appeal to this Court the judgment was affirmed. *Ferguson v. Martin,* 197 N. C., 301. The plaintiff thereupon complied with the notice and afterwards instituted the present action.

The fiscal year of the State government closes on 30 June (Code, 1927, sec. 7692), and for the counties the fiscal year begins on 1 July and ends on 30 June. Code, 1927, sec. 1334(53). The fiscal year of 1926 ended on the last day of June, 1927; that of 1927, on the last day of June, 1928; and that of 1928, on the last day of June, 1929. It is contemplated that the tax collecting officer shall get the tax lists on the first Monday in October and on the first Monday in the following July, according to the general law, and on the first day of the following May, according to the local law, make settlement for all taxes due the county. Code, 1927, secs. 1334(46), 1334(50); P. L. Laws 1919, ch. 134.

Previously to the first Monday in December, 1926, the tax list had been delivered to the plaintiff's predecessor, and the plaintiff renounces any claim for services for collecting the taxes of that fiscal year. He said the first two years he served do not concern this controversy. Indeed, he said in his complaint that he became tax collector "about the month of October, 1927." He collected the taxes for that fiscal year and received his stipulated salary. He alleged that he continued the collection for the year 1928 and for this year was entitled to the same amount, which the defendant refused to pay.

His allegations are borne out by his testimony: "I did not collect the 1926 taxes. I was paid the sum of $3,250 in full for collecting the 1927 taxes. I never made settlement with the commissioners in July, 1928, in full for the 1927 taxes. I never got the tax books for the 1928 taxes until some time in October. . . . I claim the commissioners are due me my full salary for the year 1928. I went out of office on the first Monday in December, 1928. . . . I claim for my whole year's work, the year 1928, for collecting the 1928 taxes." .

The plaintiff contends, then, that for the year 1927 he was paid a salary of $3,250, and that for the year 1928 (January-December) he was entitled to a like salary, which has not been paid. The trial judge seems to have approved this position, as appears from the following instruction to the jury: "If you believe the evidence in this case, that is, all of the evidence—the evidence offered by the plaintiff and the

evidence offered by the defendant, and find the facts to be as testified by the witnesses, you will answer the issue Yes, $3,250," . . . .. the issue being, "Is the defendant indebted to the plaintiff, and if so, in what amount?"

Whether this instruction is correct depends upon the interpretation of two statutes. An act applicable to Swain County contains this provision: "The sheriff shall receive for his services as sheriff the fees of his office, and for his services as tax collector he shall receive three thousand two hundred and fifty dollars per annum, payable in equal monthly installments." Public-Local Laws 1925, ch. 329. At the session of 1927 the General Assembly enacted a statute providing for the collection of taxes and repealing all laws and clauses of laws in conflict with it. Laws 1927, ch. 213, Code, 1927, sec. 1334(51). Section 7 provides: "If any sheriff, or tax collector, to whom the tax list and receipt books shall be delivered on the first Monday in October, shall fail to succeed himself as such officer on the first Monday in December of any year, he shall make a full and complete settlement of such taxes as he may have collected on or before the first Monday in December, at which his term of office may expire and the tax list and receipt books shall be delivered to his successor, who shall in his settlement be credited with the amount for which settlement was made with such officer whose term expired." This section further provides that if the outgoing sheriff was to be paid fees or commissions based upon the collections made he should yet proceed to collect the taxes due for such year.

With respect to a sheriff or tax collector who is paid a salary for the collection of taxes, the effect of the statute is to end his services in this capacity when his successor qualifies on the first Monday in December. *Ferguson v. Martin, supra.* The plaintiff admitted that he went out of office on the first Monday in December, 1928.

It follows from what has been said that the specific question is whether the period for which the plaintiff's salary was payable was the calendar year or the fiscal year. The word "year" generally imports a calendar year. C. S., 3949. It is not so, however, when otherwise expressed.

It has been the policy of the courts, unless controlled by special legislation, to refer the collection of taxes to the fiscal year. Although the plaintiff qualified as sheriff on the first Monday in December, 1926, his predecessor collected the taxes for the fiscal year ending 30 June, 1927. This was in accord with previous decisions of this Court. In *Commissioners v. Bain,* 173 N. C., 377, it was said: "It has been the custom in this State for the retiring sheriff to collect the taxes due on tax lists

already in his hands, and this custom has the sanction of numerous judicial decisions." The decisions cited in the opinion sustain the position that a sheriff who is elected for the first time ordinarily has nothing to do with a tax list issued to a preceding officer; that the fiscal authority of a tax collector is not necessarily incident to the office of sheriff, and that his responsibility begins when he receives the tax list for collection.

The first fiscal year of the plaintiff's incumbency extended from the first day of July, 1927, to the last day of June, 1928. For this year his salary was paid. The second fiscal year began on the first day of July, 1928. The plaintiff went out of office on the first Monday in December, and as his salary was payable in equal monthly installments and the tax list for 1928 went into his hands, he had a right each month to demand payment of a "monthly installment" of the salary for so much of the fiscal year as intervened between the first day of July, 1928, and the time he went out of office. Upon the undisputed facts he is entitled to judgment for this sum, but not the amount for which he brought suit.